R. T. LEET, Respondent, v. WADSWORTH & MEISEGAES, and others, Appellants.

The purchase of property by a factor in his own name, makes him to all the world the apparent owner, and as far as affects the rights of third persons, his power is unlimited. He has the right to sell or pledge.

APPEAL from the Superior Court of the City of San Francisco.

Replevin for a certain quantity of lard alleged to be the property of plaintiff, in the possession of the defendants, under a pledge from one Henry Gallagher.

The main question presented by the evidence is, whether an innocent pledgee for value is entitled to retain his lien upon a quantity of lard delivered to him in pledge by a jobber in groceries, doing business also as commission merchant or factor, the lard having been purchased by said jobber and factor with money furnished him by another, under instructions to buy for him and hold for profit, but purchased by the agent in his own name, stored in his own name, storage paid for by agent during a period of eighteen months, twice pledged by agent for his own debt,—the principal, in the meantime, being frequently in San Francisco, in intimacy with the agent, and no distinct knowledge of the pledging being brought home to the principal.

The Court charged the jury in favor of the plaintiff. The jury found a verdict for the plaintiff. The Court overruled a motion for a new trial, and defendants appealed.

*Pringle* and *Felton*, for Appellants.

The factor having purchased the goods in his own name, and being clothed with all the *indicia* of ownership, he had a right to either sell or pledge the goods. Parsons on Cont., 80. Dunl. Paley's Agency, 221. Pickering v. Bosk, 15 East., 38. Dyer v. Pearson, 3 Barn. & Cress., 37. Bristol v. Wilsmore, 1 Ib., 529. Lickbarron v. Mason, 2 Sm. Ld. Cases, 756. Martin v. Coles, 1 Maul. & Sel., 140. Root v. French, 13 Wend., 572. Mowry v. Walsh, 8 Cow., 238. George v. Kimball, 24 Pick., 241. McCarty v. Vickery, 12 Johns., 348. Hollingsworth v. Napier, 3 Caines., 182. Read v. Hutchinson, 3 Campb.,

352.   Parker *v.* Patrick, 5 T. R., 175.   Van Cleef *v.* Fleet, 15 Johns., 147.   Rowley *v.* Bigelow, 12 Pick., 307.

*Baker* and *Wistar*, for Respondent.

No brief on file.

HEYDENFELDT, J., delivered the opinion of the Court.   MURRAY, C. J., concurred.

At common law, the business of a factor was merely to sell the goods of his customers; so it followed that his possession was no evidence of his ownership; and as he was not allowed to pledge the goods of his principal, in case he did so the pledgee was chargeable with notice of the true owner's right.

It is no part of the business of a factor to buy, and when he does, the rule must be the same in regard to him as to all other purchasers. The purchase of property in his own name, makes him to all the world the apparent owner, and as far as affects the rights of third persons, his power over the goods is unlimited—he has the right to sell or pledge.

Judgment reversed and cause remanded.